# EXHIBIT O

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

_____

Gordon Marble,　　　　　　　　　　　　　　:

　　　　　Plaintiff,　　　　　　　　　　　　:　　　　No. 1:19-cv-00064-HCN-CMR

　　　　　　　　　　　　　　　　　　　　　:

vs.　　　　　　　　　　　　　　　　　　　　:

Wade Hovinga, *et al.*,　　　　　　　　　　　:　　　　Rebuttal Report of Kenneth R.
　　　　　　　　　　　　　　　　　　　　　　　　　　　Wallentine

　　　　　Defendants.　　　　　　　　　　　:
_____

The following rebuttal report of Kenneth R. Wallentine is submitted after reviewing the report by Kelly Shafto.

Kenneth R. Wallentine states as follows:

1. Considering all of the information gathered in hindsight to the arrest, Ms. Shafto opines that plaintiff was non-threatening towards the officers and conflates the absence of threatening statements or overt threatening behavior at the time of plaintiff's arrest with a complete lack of the safety concerns associated with custodial arrests. As noted in my initial report, teaching officers to handcuff an arrestee with his or her palms facing out and with the arrestee's arms to the rear is a universal component of arrest control tactics training. One of the underlying principles behind handcuffing a person is to prevent latent combative or violent thoughts from erupting into violent resistance to arrest and custody. Officers have no reliably consistent and foolproof predictor of aggressive behavior. To categorically deny a risk of a threat from any arrestee is ignorance of fundamental police training and practice premised on decades of experience and study.

2. Ms. Shafto errs in opining that "it was a violation of DWR to handcuff Mr. Marble in this situation." It was, in fact, consistent with generally-accepted police practices, training and policy, and consistent with prevailing best practices for arrest procedures, and consistent with Division of Wildlife Resources policy.

3. Despite having reviewed the handcuffing policies of many dozens of police agencies across the nation, I have never seen a policy "that require[s] officers to employ special treatment." I am one of the principal drafters of the handcuffing policy of Ms. Shafto's former agency and participated in extensive discussions with other subject matter experts in the policy formulation. Though different in format, that agency's policy is substantively similar to the Division of Wildlife Resources handcuffing policy. Nothing in that policy advises or requires an officer to "employ special treatment."

4. The Division of Wildlife Resources handcuffing policy lists certain factors, such as obvious pregnancy, physical handicap, etc., that may inform an officer's exercise of discretion. The policy does not abrogate that discretion. Officers are trained to understand that agency policies are meant to guide their actions as they exercise authority under the law. Officers are further taught and entrusted to exercise discretion, and they are trained that an exercise of discretion does not amount to a policy violation. Officers are also taught the fundamental principle that a policy violation does not necessarily equate to amount to an improper use of force.

5. In reaching my opinions in this matter I have relied upon my training and experience in public safety acquired throughout my career. A summary of my qualifications, publications, litigation history and fee schedule are recited in my initial report in this matter.

Kenneth R. Wallentine
January 28, 2021